## CHESAPEAKE & OHIO RY. CO. v. VIGOR.
### No. 7671.

Circuit Court of Appeals, Sixth Circuit.
May 12, 1937.

Fred Rector, of Columbus, Ohio (Wilson & Rector, of Columbus, Ohio, on the brief), for appellant.

Clarence C. Chilcott, of Kansas City, Mo., for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

This is a suit to enjoin the prosecution of a suit for damages under the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59] in the United States District Court for the Northern District of Indiana. The plaintiff is a railroad corporation organized under the laws of the state of Virginia; the defendant is administratrix of the estate of Harry F. Chilcott, who is alleged in the Indiana suit to have received injuries resulting in his death while employed by plaintiff in interstate commerce. The grounds for the injunction are inequitable conduct on the part of the defendant, and imposition of an unconscionable hardship on the plaintiff in the institution and prosecution of the action. These grounds are alleged as conclusions of fact without specifications other than references to the place of residence (Marion, Ohio) of the witnesses to the injury to the deceased, and the location of the records of the plaintiff (Columbus, Ohio) as to the movement of its train on which the deceased was

working. The bill alleges that deceased was injured at Marion, Ohio, and that the defendant is a resident of Columbus, Ohio, and was appointed administratrix of the estate of the deceased by the probate court of Franklin county, Ohio. These allegations, with a showing that an earlier suit on the same cause of action was brought in a state court of Kentucky and dismissed without prejudice before the filing of the suit in Indiana, together with the distance from Columbus, Ohio, to Hammond, Ind., are relied on to support the claim that the defendant would derive an unfair advantage and plaintiff be subjected to an unreasonable hardship in the trial of the Indiana suit.

The jurisdiction of the Indiana court to hear and determine the suit filed in that court is not questioned. Section 6 of the Federal Employers' Liability Act (as amended, 45 U.S.C.A. § 56) authorizes the filing of a suit for damage under the act in any one of three places, one of which is in any district in which the defendant shall be doing business at the time the action is commenced. Plaintiff was doing business in the Northern District of Indiana at the time the action in that court was filed, and there is no doubt of the right of the defendant under the statute to file her suit in that jurisdiction.

We find no fact alleged in the bill or set forth in the supporting affidavits that would justify us in saying that the trial of the cause in the Indiana court would cast an unreasonable burden on the plaintiff or would give to the defendant an inequitable advantage. The fact that the defendant brought a suit in Kentucky and dismissed it without prejudice may be dismissed as having no bearing on either claim. She acted within her rights both in bringing the suit and in dismissing it without prejudice. The plaintiff, it is true, may suffer some inconvenience or be put to extra expense in producing witnesses to testify in court in the Indiana case, but it is to be presumed that Congress considered such probable inconvenience and expense in placing jurisdiction of the action in any district in which the defendant should be doing business at the time. We held in Southern Railway Company v. Cochran, 56 F.(2d) 1019, that the filing of a suit in such a jurisdiction, even though it was inconvenient to the defendant, was not enough to justify a court of equity in enjoining its prosecution in the face of the

statute giving the right to bring the action in that jurisdiction. This ruling is consonant with established authority, and it is controlling in the case at bar. The defense of the case could not, of course, place an unreasonable burden on interstate commerce, for, as is pointed out in the case just cited, Congress has the power to regulate interstate commerce and may, when it sees fit, place incidental burdens thereon by jurisdictional statutes.

The decree is affirmed.