**SOUTHERN RY. CO. v. PAINTER.**
No. 11794.

Circuit Court of Appeals, Eighth Circuit.
Jan. 10, 1941.

Bruce A. Campbell, of East St. Louis, Ill. (E. C. Hartman, of St. Louis, Mo., Norman J. Gundlach, of East St. Louis, Ill., Fordyce, White, Mayne, Williams & Hartman, of St. Louis, Mo., and Kramer, Campbell, Costello & Wiechert, of East St. Louis, Ill., on the brief), for appellant.

Roberts P. Elam, of St. Louis, Mo. (Mark D. Eagleton, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The Southern Railway Company appeals from an injunctional order restraining it from enforcing an injunction issued at its instance by a state court of Tennessee. The railway company was sued in the federal court for the Eastern District of Missouri by Ethel Painter, administratrix of the estate of Geoffrey L. Painter, on the ground that the railway company had negligently caused the death of her intestate and that she was entitled to damages therefor under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51-59. The company answered the complaint filed in the federal court and denied liability; it did not question the venue, nor did it deny that the court had jurisdiction of the cause. Thereafter it instituted an action in the chancery court of Knox county at Knoxville, Tennessee, and there

pleaded that Mrs. Painter and her deceased husband were at the time of the accident which caused his death, citizens of Tennessee; that the accident occurred in Tennessee; that witnesses to the accident lived and worked in Tennessee, and that it would disrupt the railway's business and cause it great expense to try Mrs. Painter's cause of action where it had been brought, in the Eastern District of Missouri at St. Louis, in which district the railway did only an interstate business. It alleged that the estate of Geoffrey L. Painter was insolvent and that if it should be successful in its defense of the action by the administratrix, it could not recover its expenditures. Stating that the action could be conveniently tried by the parties in the courts of Tennessee or of North Carolina, it alleged that the action was brought in St. Louis to obtain for the administratrix an unfair and inequitable advantage, and it prayed that the chancery court enjoin the administratrix from prosecuting her action in the federal court for the Eastern District of Missouri, or in any other state or federal court which did not sit in certain specified cities or towns, some in Tennessee and some in North Carolina. The chancery court granted the injunction.

The administratrix then filed a supplemental bill in her original suit in the federal district court, praying that the railway be enjoined from enforcing the injunction issued by the chancery court of Knox county, Tennessee. The railway contended upon motion to dismiss the supplemental bill, that the federal court lacked jurisdiction over the subject matter thereof, and that the relief could not be granted; that the relief sought was an injunction against proceedings in a state court, contrary to the prohibition of Sec. 265 of the Judicial Code, 28 U.S.C.A. § 379. The district court proceeded to hearing upon the supplemental bill and issued a preliminary injunction against the railway. The holding was that the injunction issued by the Tennessee court interfered with the jurisdiction of the federal court which had attached for trial of the merits of the administratrix's claim for damages, and that the federal courts were authorized by Sec. 262 of the Judicial Code, 28 U.S.C.A. § 377, to protect their jurisdiction by issuing "all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions". The railway company appeals.

It does not contend that the federal district court for the Eastern District of Missouri lacked jurisdiction of the complaint which the administratrix filed therein against it under the Federal Employers' Liability Act 45 U.S.C.A. §§ 51–59. That Act provides, 45 U.S.C.A. § 56: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." See Moore v. Chesapeake & O. Ry. Co., 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755; Hoffman v. State of Missouri ex rel. Foraker, 274 U.S. 21, 47 S.Ct. 485, 71 L. Ed. 905. The Railway Company does not contend that it was not doing business in the Eastern District of Missouri, and the trial court found as a fact that it was and is so doing business, "operating its railroad trains in, into and out of said City of Saint Louis".

The railway company contends, first, that the injunction issued by the Tennessee chancery court is a judgment which cannot be attacked collaterally but must be given full faith and credit; and second, that the federal district court had no power to enjoin against enforcement of the Tennessee injunction, since to do so would be enjoining proceedings in a state court contrary to Sec. 265 of the Judicial Code.

The injunction of the Tennessee court was granted upon ex parte application of the railway company. The administratrix contends that although that court had jurisdiction of the parties, it did not have jurisdiction of the subject matter of the action, that is, to enjoin a party from proceeding with an action in personam for a money judgment pending in a federal court. In answer to this, the railway company contends that its action in Tennessee for injunction was in personam against the administratrix, and that the decree should not be construed as an injunction against the federal court. It cites as authority, Roberts' Federal Liabilities of Carriers, 2d Ed. Vol. 2, Sec. 962, p. 1855, where a quotation to this effect is given from High on Injunctions, Sec. 106. Also 14 R.C.L. Sec. 114, pp. 413-14; Louisville & N. R. Co. v. Ragen, 172 Tenn. 593, 113 S.W.2d 743. It contends that upon this construction of the injunction suit it should be ruled that actions under the Federal Employers' Liability Act may be enjoined by a state court, citing Reed's Administratrix v. Illinois C. R. Co., 182 Ky. 455, 206 S.W. 794; Chicago, M. & St. P. R. Co. v. McGinley, 175 Wis. 565, 185 N.W. 218; New York, C. & St. L. R. Co. v. Matzinger, 136 Ohio St. 271, 25 N.E.2d 349; State ex rel. New York, C. & St. L. R. Co. v. Nortoni, 331 Mo. 764, 55 S.W.2d 272, 85 A.L.R. 1345 (state court actions enjoined); and Bryant v. Atlantic Coast Line Co., 2 Cir., 92 F.2d 569 (a federal court action enjoined). The railway company also contends that the injunction issued by the federal court pursuant to the prayer of the supplemental bill was one against the Tennessee court rather than one merely in personam against the railway company.

■■■ It cites Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537, to support its point that the realistic effect of the injunction process must be recognized, and we deem that case applicable and controlling, not only on the proposition that such construction should be given to injunctions issued by federal courts, but also on the proposition that a similar realistic construction should be given to injunctions issued by courts of a state. The effect of the Tennessee injunction is to oust the federal district court of its jurisdiction over the case pending for damages as really as the injunction issued pursuant to the supplemental bill ousts the jurisdiction of the Tennessee chancery court. Nearly all cases which discuss respective jurisdiction of state and federal courts decide that there is a certain parity of respect which each must have for the other. In discussing the effect of Sec. 265 of the Judicial Code, 28 U.S.C.A. § 379, the Supreme Court of the United States said in Essanay Film Mfg. Co. v. Kane, 258 U.S. 358, 361, 42 S.Ct. 318, 319, 66 L.Ed. 658: "Since 1793, the prohibition of the use of injunction from a federal court to stay proceedings in a state court has been maintained continuously, and has been consistently upheld. Hull v. Burr, 234 U.S. 712, 723, 34 S.Ct. 892, 58 L.Ed. 1557, and cases cited. In exceptional instances the letter has been departed from while the spirit of the prohibition has been observed; for example, in cases holding that, in order to maintain the jurisdiction of a federal court properly invoked, and render its judgments and decrees effectual, proceedings in a state court which would defeat or impair such jurisdiction may be enjoined. [Citing cases].

The effect of this, as will be observed, is but to enforce the same freedom from interference on the one hand, that it is the prime object of section 265 to require on the other." We cannot give the Tennessee injunction the limited in personam character which the railway company would ascribe to it.

The railway company contends that the jurisdiction which the Congress conferred on the federal courts to try actions brought under the Federal Employers' Liability Act is subject to a qualification which must be implied, that Congress intended that any suit prosecuted under the Act in a state other than that of plaintiff's domicile might be halted by a court of the domicile, if it should appear that the suit prosecuted under the Act was oppressive and brought to secure an inequitable advantage from misuse of the Act's provisions for choice of venue. Such a qualification has been implied, but only to the extent that Congress conferred the privilege of bringing suits under the Act in state courts. In Ex parte Crandall, 53 F.2d 969, the Circuit Court of Appeals for the Seventh Circuit indicated that the qualification existed and held that habeas corpus should not be granted to an Indiana citizen who violated an injunction of an Indiana court forbidding her to litigate an action brought under the Federal Employers' Liability Act in a state court of Missouri. In a more recent case, the Circuit Court for the Seventh Circuit has held, first, that a federal district court which had jurisdiction of an action under the Federal Employers' Liability Act need pay no heed to an injunction issued by a state court forbidding prosecution of the action, and, second, that the state court had no power to issue an injunction against a person to forbid him from bringing an action under the Liability Act in a federal court given jurisdiction by the terms of the Act, hence that even if the state court's injunction issued before the plaintiff instituted his action in the federal court, the injunction was invalid. Rader v. Baltimore & O. R. Co., 108 F.2d 980, 985, 986. In that case the plaintiff, a citizen of Ohio who was injured in Ohio, originally brought suit in a federal district court in Ohio, but dismissed his action there and filed suit on the same cause of action in a state court in Illinois. The railroad instituted an action in a state court in Ohio and enjoined plaintiff from prosecuting the Illinois action. Thereupon plaintiff dismissed the action in the Illinois state court and on the same day filed suit on the same cause of action in a federal district court in Illinois. The Ohio state court enjoined this action upon supplemental bill. The Circuit Court for the Seventh Circuit held that the Ohio state court injunction was not binding upon the plaintiff as above stated, and quoted authorities which reached this result, or stated principles from which the result would follow. From Southern R. Co. v. Cochran, 6 Cir., 56 F.2d 1019, 1020, it quoted: "Jurisdiction is here asserted by a court of the United States under the mandate of a federal statute. It must be borne in mind that Congress has the power to regulate interstate commerce. The states have no such power. If the effect of a federal statute conferring jurisdiction upon a federal court is to place a burden upon interstate commerce, the power for that purpose exists, and the remedy is legislative and not judicial. *, * * "

From McConnell v. Thomson, 213 Ind. 16, 8 N.E.2d 986, 11 N.E.2d 183, 113 A.L.R. 1429, it quoted: " * * * Consequently when a state court, as in the instant case, attempts to enjoin a litigant from prosecuting his cause of action, arising under the Federal Employers' Liability Act, in a District Court of the district in which the defendant is doing business, such action, if effective, destroys a federal right of the litigant and obstructs the performance of a duty imposed by act of Congress upon a District Court of the United States. This is beyond the power of a state court."

To the same effect the court cited Chicago, M. & St. P. R. Co. v. Schendel, 8 Cir., 292 F. 326, 330; Chesapeake & O. R. Co. v. Vigor, 6 Cir., 90 F.2d 7; 2 Roberts, Federal Liabilities of Carriers, (2d Ed.) Sec. 962; Taylor v. Atchison, T. & S. F. R. Co., 292 Ill.App. 457, 11 N.E.2d 610.

In Chesapeake & O. R. Co. v. Vigor, supra, the Circuit Court of Appeals for the Sixth Circuit held that the railroad was not entitled to an injunction forbidding an Ohio resident from prosecuting an action under the Employers' Liability Act brought in the United States District Court for the Northern District of Indiana, although the accident occurred in Ohio and the railroad had its books and witnesses in Ohio. The Circuit Court held that defending the action in Indiana was not made an inequitable burden upon the railroad by plaintiff's

conduct in instituting suit there, but that the burden was one imposed by Congress when it provided that suits under the Act might be brought in any jurisdiction where the company was doing business. The court said, 90 F.2d page 8: "The plaintiff [railroad], it is true, may suffer some inconvenience or be put to extra expense in producing witnesses to testify in court in the Indiana case, but it is to be presumed that Congress considered such probable inconvenience and expense in placing jurisdiction of the action in any district in which the defendant should be doing business at the time." The railroad claimed Vigor was using the right to sue in foreign jurisdictions inequitably and that this appeared from the fact that a suit under the Act had been instituted by him in Kentucky, which suit was subsequently dismissed. The court held, however, that the Kentucky suit was brought and dismissed as a matter of right. Although the Circuit Court decided the case on the merits without discussing jurisdictional questions, the construction which it gave to the Employers' Liability Act was one which nearly forecloses the possibility that there are any equitable considerations which can justify even a federal court in enjoining suits brought under the act in jurisdictions distant from the plaintiff's domicile. The case lends some inferential support to Mrs. Painter's general proposition that 45 U.S.C.A. § 56, which entitles a plaintiff to sue in a jurisdiction where the railroad does business, is not intended to be subject to an implied qualification that a court of plaintiff's domicile is free to enjoin the plaintiff from bringing suit in the jurisdiction because doing so would burden the railroad and hence confer inequitable advantage on the plaintiff. The reasoning of the case, though not the holding, might support the proposition that the act confers upon a plaintiff an absolute right to sue wherever the railroad is doing business, and that this right is subject to no equitable limitations. But this issue is one we need not decide. Our present consideration is directed to a narrower point, whether a state court can issue process which will defeat a federal court in its exercise of jurisdiction over a case properly before it, or whether, short of actual issue of process, the state court can oust federal jurisdiction of an action in personam for a money judgment by merely rendering a judgment to which the federal court must give full faith and credit. If a state court can do neither, we see no reason to impute to Congress an intention to modify 45 U.S.C.A. § 56 by implied but unmentioned qualifications.

In Chicago, M. & St. P. Ry. Co. v. Schendel, 8 Cir., 292 F. 326, 331, this court affirmed a decree enjoining a railroad from enforcing a decree issued by a state court in Iowa. The Iowa court, acting under the authority of a state statute directed against ambulance chasing, had enjoined Schendel, the plaintiff in a Federal Employers' Liability action, from trying his suit against the railroad in a certain Minnesota state court or in any other court except a certain federal district court in Iowa or a certain state court in Iowa. Witnesses to the accident, which was the basis of Schendel's cause of action, were enjoined from testifying in any other courts than those excepted in the Iowa injunction; and when Schendel filed suit in the federal district court in Minnesota, that court was unable to try the action since witnesses refused to testify. Schendel instituted ancillary equity proceedings in the Minnesota district court for the purpose of making the jurisdiction of that court effective, and that court issued its decree that the railroad be enjoined from enforcing the Iowa injunction, and further, that it proceed to dismiss the Iowa injunction action. The case came to this court upon appeal from the decree of the Minnesota district court, and we affirmed. We quoted the Iowa statute and cited the case in which the Iowa supreme court had decided that the statute authorized issue of injunction against an Iowa citizen who was injured within the state—or his estate, if death resulted from the injury—to prevent such a citizen from litigating his claim for damages in a court outside the state. We quoted the federal statute, 45 U.S.C.A. § 56, which gave a right to a plaintiff suing under the Federal Employers' Liability Act to bring his action in a federal district where the defendant was doing business. We held that a state could not in pursuance of its public policy validly enact a statute which would deprive the federal courts of jurisdiction conferred by Congress. We cited numerous cases declaring general principles considered applicable: that a state could not deny access to federal courts as a condition to admitting corporations into the state, that states could not prohibit by statute transitory causes of action from being

prosecuted in another state,[1] that federal courts exercise their jurisdiction pursuant to the supreme law of the land and "each state, by accepting the Constitution, has agreed that the courts of the United States may exert whatever judicial power can be constitutionally conferred upon them". To the specific power of federal and state institutions affected by the Federal Employers' Liability Act, we quoted statements of the United States Supreme Court to the effect that with respect to "the field of the employer's liability to employees in interstate transportation by rail, all state laws upon the subject are superseded". We held that the state had no power to confer or take away jurisdiction from a federal court; that the Iowa statute as construed by the Iowa supreme court was unconstitutional and the order of the Iowa district court was void. We held that the order could not be sustained on the ground that it was made within general equity powers of the Iowa court, that the terms of the injunction issued revealed that it was not based on equitable considerations of hardship and oppression, but upon the statute which declared the public policy of the state. We dismissed from discussion the equity cases cited on the ground that "They do not apply to this situation". We held that the order of the Iowa district court "in so far as it affects the proceedings in the federal court of the United States for the District of Minnesota" was void, and it followed that the order was not entitled to full faith and credit.

The railroad company, appellant in the Schendel case, argued that the injunction issued against it offended against Sec. 265 of the Judicial Code, 28 U.S.C.A. § 379, in that it illegally stayed proceedings in a state court. Answering this contention we relied upon the holding of the United States Supreme Court in Kline v. Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, where that court declared that Sec. 265 of the Judicial Code must be construed in connection with Sec. 262 of the Code: " * * * The Supreme Court, the Circuit Courts of Appeals, and the District Courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions,

and agreeable to the usages and principles of law." We then quoted from the opinion the effect of the power conferred (260 U.S. 229, 43 S.Ct. 81, 67 L.Ed. 226, 24 A.L.R. 1077): "It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court." We then quoted the opinion wherein it laid down the rule to govern mutual interference of state and federal courts, (260 U.S. 235, 43 S.Ct. 83, 67 L.Ed. 226, 24 A.L.R. 1077): "The rank and authority of the courts are equal, but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict. The rule, therefore, that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist, the rule does not apply. Since that necessity does exist in actions in rem and does not exist in actions in personam, involving a question of personal liability only, the rule applies in the former but does not apply in the latter." Quoting also from French, Trustee, v. Hay, 22 Wall. 231, 253, 22 L.Ed. 799, and from Riggs v. Johnson County, 6 Wall. 166, 73 U.S. 166, 18 L.Ed. 768, we applied the statement in the Kline case. We found that the federal court had jurisdiction of the claim Schendel asserted against the railroad under the Employers' Liability Act. We found that the action instituted for injunction by the railroad in the Iowa court was not an action in personam which involved a question of personal liability only, but that it was an action which prevented the federal court from proceeding without interference. Although the action in the federal court was not an action in rem, the court was nevertheless entitled to proceed with it without interference of the Iowa court, and Sec. 262 of the Judicial Code, became operative to empower the federal court to terminate the interference. Holding that the ancillary proceedings by which Schendel raised the question were proper,[2] we declared that the Iowa order,

---

[1] See and compare case holding conversely, that states may not discriminate against federal laws and close their courts to Federal Employers' Liability actions.

McKnett v. St. L. & S. F. Ry. Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227.

[2] See Dugas v. American Surety Co., 300 U.S. 414, 57 S.Ct. 515, 81 L.Ed. 720;

"in so far as it affects the proceedings in the federal court" was void, and affirmed the decree and order appealed from.

The railway appellant herein urges us to distinguish or reverse the Schendel case. It urges us to distinguish the case upon the ground that there we held the Iowa decree was not granted upon grounds of oppression and hardship under the Iowa court's equity powers. Although this is true, we said (292 F. page 334) : "The mere hardship of defending a suit brought elsewhere than in the district where plaintiff or witnesses reside is hardly sufficient to warrant the interference of equity. If so, jurisdiction given by Congress could be limited in practically every case."[3] This statement points to the difficulties inherent in the problem before us, as well as illustrates our holding that no equity based on hardship was involved in that case.

■ To sanction the ousting of federal jurisdiction by state courts of domicile conflicts with the obligation the federal courts are under to exercise jurisdiction conferred upon them. It is not a discretionary matter, but an obligation and a duty. They do not proceed under the Employers' Liability Act in their discretion, but by positive requirement.[4] Wood v. Delaware & H. R. Corp., 2 Cir., 63 F.2d 235; Southern R. Co. v. Cochran, 6 Cir., 56 F.2d 1019; Schendel v. McGee, 8 Cir., 300 F. 273, 279 (where we said, in a companion case to Chicago, M. & St. P. Railroad Co. v. Schendel, previously discussed, "It being the law, it is a court's duty, where there is jurisdiction, to take and retain that jurisdiction and try the case.") It would create an anomalous situation in the law if the federal court could not refuse to take the case, but that the court of the domicile could none the less prevent it from exercising effective jurisdiction.

■■ The principles announced in Chicago, M. & St. P. Railroad Co. v. Schendel, supra, are controlling in the present case. The compelling ground of decision there was the necessity that federal courts be free to decide cases within their jurisdiction without interference from state courts. The state and federal system of concurrent jurisdiction compels that courts of concurrent jurisdiction be left free to decide such in personam actions for money judgment as may be before them. Kline v. Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Moran v. Sturges, 154 U.S. 256, 14 S.Ct. 1019, 38 L.Ed. 981; Central National Bank v. Stevens, 169 U.S. 432, 18 S.Ct. 403, 42 L. Ed. 807; Federal and State Court Interference, 43 Harv.L.R. 345, 348-9, 372; Story's Equity Jurisprudence, Vol. 2, Sec. 900, (14th Ed.) Vol. 2, Sec. 1225, pp. 580-582. We think that the nature of the dual system compels the conclusion that a state court which assumes to enjoin such an action in a federal court does so in excess of its jurisdiction and renders a decree which is void in so far as it affects proceedings in the federal court. Such a void decree is not entitled to full faith and credit, and its enforcement may be enjoined.

■ In Bryant v. Atlantic Coast Line R. Co., 92 F.2d 569, the Circuit Court of Appeals for the Second Circuit disagreed with the conclusions of this court in Chicago, M. & St. P. Railroad Co. v. Schendel, supra, and held that a federal court which had taken jurisdiction of an action for damages under the Federal Employers' Liability Act could not enjoin enforcement of a decree issued by a state court to prevent the plaintiff from proceeding with trial of his cause in the federal court. The state court, there a court of Virginia, was held "obviously" to have jurisdiction, and it was said that in the court's view, Kline v. Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, had been misconstrued in Chicago, M. & St. P. Railroad Co. v. Schendel, supra. It appears to have been the view of the Second Circuit that since the state injunction suit was in personam and the federal damage suit and the proceedings ancillary thereto were also in personam, they were

---

Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

[3] In Denver & Rio Grande W. R. Co. v. Terte, 284 U.S. 284, loc. cit., 287, 288, 52 S.Ct. 152, loc. cit. 153, 76 L.Ed. 295, the court said, in holding a state court had no jurisdiction of a Federal Employers' Liability action, "Further, as a practical matter, courts could not undertake to ascertain in advance of trial the number and importance of probable witnesses within and without the state and retain or refuse jurisdiction according to the relative inconvenience of the parties."

[4] For a full and able discussion of problems in the field see Foster: The Place of Trial in Civil Actions, 43 Harv.L.R. 1217, 1239-48.

suits that could proceed simultaneously and pari passu. The foregoing discussion of Chicago, M. & St. P. Railroad Co. v. Schendel, supra, indicates our points of disagreement. We do not think that a state court has such a broad concurrent jurisdiction with the federal court that it may decide whether the federal court is properly proceeding with a case which is within its legal jurisdiction. A state court could of course properly proceed with concurrent jurisdiction to adjudicate upon the merits the issues in plaintiff's suit against the railroad. See Southern Pac. Co. v. Klinge, 10 Cir., 65 F.2d 85. Such an action is within the denomination of the Supreme Court in the Kline case as an "action in personam for a money judgment". But an action for injunction is not an in personam action of this nature, and interference by one court or the other with the trial of such actions is the very thing which the opinion in the Kline case seems intended to prevent. We think that the application of the Kline case to permit such interference would subvert its true intent and would defeat its intendment. The balance between Sections 262 and 265 of the Judicial Code, 28 U.S.C.A. §§ 377, 379, lies at the point where one court interferes with the other. Neither state nor federal court has jurisdiction to enjoin the other except when one interferes with the province of the other, then the court interfered with has exclusive jurisdiction to prevent the interference.[5] We consider this to be the effect of the code provisions as construed by the Supreme Court. It follows that the enforcement of the Tennessee injunction was properly enjoined by the court below.

If we correctly interpret the scope of federal and state court concurrent jurisdiction, the case of Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212, is in point. In Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, the Supreme Court had held that an action for damages instituted by Green against Langnes in the state court of Washington should be allowed to proceed simultaneously with an action instituted by Langnes against Green, supra, in a federal court. Green's action was a common law action to recover damages sustained while he was employed on a vessel belonging to Langnes; Langnes' ac-

tion was based on a federal statute limiting employer's liability. The Supreme Court held that Green's common law action should be allowed to continue as long as he raised no question of limited liability in the action so as to bring his case within admiralty jurisdiction. Green did put in issue the question of limited liability in the state court action and the federal court enjoined further prosecution of that action. Green appealed to the Supreme Court of the United States. That court held the injunction proper, though it extended the time which the decree of injunction allowed to Green to withdraw the issue of limited liability from the state court suit. We are not in the present case concerned with questions of admiralty jurisdiction, but nevertheless cite this case as an instance where a federal court may enjoin a state court which is exceeding its jurisdiction by encroaching upon the rightful powers of a federal court.

In Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696, the Supreme Court of the United States held that a federal district court in New Hampshire must give full faith and credit to a Vermont statute which was not contrary to the public policy of the State of New Hampshire. See Pacific Ins. Co. v. Commission, 306 U.S. 493, 503, 59 S.Ct. 629, 83 L.Ed. 940. The action for tort brought by Clapper was removed from the state court in New Hampshire to the federal court by the Light Company and the company contended that full faith and credit must be given to the law of Vermont, where all rights under tort claims were taken away by provision of its Compensation Act. Clapper's intestate had been killed while in New Hampshire, where the Compensation Act permitted an administrator to sue in tort or claim compensation at his option. But Clapper's intestate was a citizen of Vermont, employed under its laws, and in New Hampshire at the time of the injury pursuant to such employment. The Supreme Court held that a court in New Hampshire must give full faith and credit to the Vermont Compensation Act and could not grant recovery in an action in tort brought contrary to its provisions. At page 159 of 286 U.S., at page 575 of 52 S.Ct., 76 L.Ed. 1026, 82 A.L.R. 696, the court said: "A Vermont court

---

[5] See Continental Illinois Nat. Bank v. Rock Island & P. Ry. Co., 294 U.S. 648, 675, 676, 55 S.Ct. 595, 79 L.Ed. 1110; Looney v. Eastern Texas Ry. Co., 247 U. S. 214, 221, 38 S.Ct. 460, 62 L.Ed. 1084.

could have enjoined Leon Clapper from suing the company in New Hampshire, to recover damages for an injury suffered there, just as it would have denied him the right to recover such damages in Vermont. Compare Cole v. Cunningham, 133 U.S. 107, 10 S.Ct. 269, 33 L.Ed. 538 [where a Massachusetts court enjoined one of its citizens from suing in New York contrary to the furtherance of a Massachusetts insolvency proceeding distributing the assets of another Massachusetts citizen *] ; Reynolds v. Adden, 136 U.S. 348, 353, 10 S.Ct. 843, 34 L.Ed. 360 [where one not a citizen of the state was held not bound by the state law insolvency transfer as it applied to property in Louisiana, a state which did not have a policy like that of Massachusetts.*]" This statement, taken alone, might appear to sustain the control of the court of the state of plaintiff's domicile, but such is not its effect when the situation is considered as a whole. The Supreme Court states that the injunction might issue to enforce the full faith and credit which must be given to the Vermont Act. Domicile figures merely as a restriction on a Vermont court's power. The injunction would be allowed to issue because plaintiff Clapper was seeking to avoid the effect of the law which governed and determined his employment and his rights on account of injuries received in its course. In the present case it is the railroad which seeks to avoid and set at naught a right incident to employment conferred by the federal act. Although the federal act confers upon Mrs. Painter a right to sue in a federal court in the Eastern District of Missouri, where the railroad is doing business, the railroad seeks to nullify that right by bringing a separate action in another jurisdiction. Chesapeake & Ohio R. Co. v. Vigor, 6 Cir., 90 F.2d 7. Both the railroad and Mrs. Painter are, of course, citizens of the United States, and United States courts should be able to require state courts to accord federal laws the equivalent of full faith and credit. The fact that one right may be substantive and the other right procedural should be deemed immaterial.

 It is argued for the railroad that even if the action of the Tennessee court be held invalid, nevertheless the federal injunction against its enforcement should not issue. But as a practical matter, the plaintiff, Mrs. Painter, stands enjoined by the Tennessee court, and if she proceeds with her case she incurs pains and penalties for contempt. Upon decision by the federal court that the Tennessee injunction is invalid, the railroad must be prevented from wrongfully harassing Mrs. Painter and the injunction was proper to that end.

Affirmed.