## SOUTHERN RAILWAY CO. *v.* PAINTER, ADMINISTRATRIX.

No. 24. Argued October 20, 21, 1941.—Decided November 17, 1941.

*Mr. Sidney S. Alderman,* with whom *Messrs. H. O'B. Cooper, Rudolph J. Kramer, Bruce A. Campbell,* and *S. R. Prince* were on the brief, for petitioner.

*Mr. Roberts P. Elam,* with whom *Mr. Mark D. Eagleton* was on the brief, for respondent.

158

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

On August 31, 1939, respondent brought an action against petitioner in the federal District Court for the Eastern District of Missouri to recover damages under the Federal Employers' Liability Act, 35 Stat. 65; 45 U. S. C. § 51 *et seq.,* for the wrongful death of her husband while employed by petitioner as a fireman on an interstate train operated between points in Tennessee and North Carolina. While this action was pending, petitioner filed a bill in the Chancery Court of Knox County, Tennessee, alleging that respondent and the deceased were citizens of Tennessee; that petitioner, a Virginia corporation having its principal office in Richmond, Virginia, does no business in Missouri other than of an interstate character; that the accident occurred in Madison County, North Carolina, "just beyond the North Carolina-Tennessee line"; that the Missouri federal court is more than 500 miles distant from respondent's residence, the residence of petitioner's witnesses, and the place where the accident occurred; that petitioner could not transport its witnesses to Missouri except at "enormous expense"; that respondent's purpose in bringing suit in Missouri was to evade the law of Tennessee and North Carolina; and that petitioner maintains agents in Tennessee and North Carolina upon whom process can be served. The chancellor thereupon enjoined respondent from further prosecuting her action in the

Missouri federal court and from instituting any similar suits against petitioner except in the state and federal courts in Tennessee and North Carolina. Respondent did not appeal from this decree. Instead, she filed a "supplemental bill" in the Missouri federal court to enjoin the proceedings in the Tennessee state court. Holding that the commencement of respondent's action for damages gave the federal court "specific, complete, sole and exclusive jurisdiction" which could not be "intrenched upon" by proceedings in another court, the District Court, by an appropriate interlocutory decree, forbade petitioner from further prosecuting its suit in the Tennessee state court and ordered it to dismiss the state suit. This decree was affirmed by the Circuit Court of Appeals for the Eighth Circuit, 117 F. 2d 100. We brought the case here, 313 U. S. 556, in view of the relation of its jurisdictional problems to those in *Toucey* v. *New York Life Insurance Co.* and *Phoenix Finance Corp.* v. *Iowa-Wisconsin Bridge Co.*, *ante*, p. 118.

The limitations imposed on the power of the federal courts by § 265 of the Judicial Code, as we have applied them this day in the *Toucey* and *Phoenix* cases, *supra*, govern the disposition of this case. The restrictions of § 265 upon the use of the injunction to stay a litigation in a state court confine the district courts even though such an injunction is sought in support of an earlier suit in the federal courts. Congress has endowed the federal courts with such protective jurisdiction neither generally nor in the specific instance of claims arising under the Federal Employers' Liability Act. Ever since the Act of March 2, 1793, 1 Stat. 334, § 5, Congress has done precisely the opposite. Because of its views of appropriate policy in the interplay of state and federal judiciaries, Congress has forbidden the exclusive absorption of such litigation by the federal courts. If a state court proceeds as the Chancery

Court of Tennessee acted, the ultimate vindication of any federal right lies with this Court.

The District Court was here without power to enjoin petitioner from further prosecuting its suit in the Tennessee state court.

*Reversed.*

The CHIEF JUSTICE, MR. JUSTICE ROBERTS and MR. JUSTICE REED, concurring:

The reasons which led to dissent in *Toucey* v. *New York Life Insurance Co.*, and *Phoenix Finance Corp.* v. *Iowa-Wisconsin Bridge Co., ante,* p. 118, do not exist in this case. There is no federal decree and therefore no need of an injunction to protect the decree or prevent relitigation.