UNITED STATES, for Use of RECONSTRUCTION FINANCE CORPORATION, v. CERTAIN PARCELS OF LAND IN CITY OF LOS ANGELES, LOS ANGELES COUNTY, CAL., et al.

Civil Action No. 2454-B.

District Court, S. D. California, Central Division.

June 12, 1945.

Eugene D. Williams, Sp. Asst. to Atty. Gen., Lands Division, for the Government.

Bodkin, Breslin & Luddy, of Los Angeles, Cal., for Treasure Co. and Samarkand Oil Co., defendants.

McCORMICK, District Judge.

This is a motion for an injunction by this court to restrain proceedings in an action filed and pending in the Superior Court of the State of California in and for the County of Los Angeles. The injunction is sought by the plaintiff as auxiliary to an action in condemnation pending in this court to preserve what plaintiff alleges to be the priority of jurisdiction in the United States District Court.

The crucial and ultimate question for decision may be thus stated: As between the applicable Federal and State tribunals, has this court under the record before it acquired a priority of jurisdiction necessitating injunction against further proceedings by two private corporations of the State of California against another corporation of the same State to recover the possession of specific personal property in civil actions pending therein under the laws of the State of California? We think the question should be answered in the negative. Accordingly the motion for injunction filed herein March 10, 1945 is denied. Exceptions allowed movants. See Rule 81(a) (7), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Pursuant to investiture in the Second War Powers Act, 50 U.S.C.A. Appendix § 632, to the Reconstruction Finance Corporation, that body, under date of September 19, 1942, on behalf of the Defense Plant Corporation, an affiliate and subsidiary, caused proceedings to be instituted in this court to acquire by condemnation certain real property within the jurisdiction of this court. The complaint was filed September 28, 1942, and on that day an order for possession was entered. The only service as far as the property involved in this motion is concerned was by posting on the real property involved. Neither the letter of authority authorizing the institution of the action, the complaint in condemnation, nor the order for possession provided for the condemnation or acquisition of personal property. These instruments all specifically called for the condemnation of land only.

Notwithstanding the limitations of the order for possession, the seizure made by the Government on September 28, 1942, included personal property, as well as real property, of the Treasure Company and Samarkand Oil Company, the two defendants in this action that are resisting the instant motion for injunction.

The purpose of the acquisition of the subject properties was to provide gas storage facilities for defense needs on the site of depleted oil wells. However, the record discloses that personal property not affixed to the realty was seized by the agents of the Government and that, also, a producing oil well is now in the hands of the Government agents.

In August, 1943, the Defense Plant Corporation and the Union Oil Company of California entered into a contract for the operation of the acquisitioned property by the Union Oil Company of California.

On November 15, 1943, the Treasure Company and the Samarkand Oil Company filed claim and delivery actions against the Union Oil Company in the Superior Court of the State of California in and for the County of Los Angeles. Service of process therein upon the Union Oil Company followed on November 16, 1943. The Union Oil Company filed answers in such actions on January 3, 1944.

On November 24, 1943, an admittedly ineffectual amendment to the complaint in condemnation was filed in this court. Later, on January 12, 1944, an authorized amendment to the complaint in condemnation was filed herein. This pleading specified as within the scope of the condemnation proceeding the personal property which is the bone of contention in the proceeding before the court. On January 5, 1944, the Defense Plant Corporation filed in the State court actions in claim and delivery its application to intervene therein. Such application was granted. On February 5, 1945, the Defense Plant Corporation duly filed and presented in the Superior Court motions to abate the claim and delivery actions in such State court. These motions to abate the claim and delivery actions were by the said Superior Court denied. (See memorandum opinion by Judge William J. Palmer in Exhibit "E" herein). On March 10, 1945, the instant motion for injunction with its accompanying petition was filed in this court. The motion was argued and submitted for decision by the respective parties on March 29, 1945.

The question of priority of jurisdiction necessarily involves the legal nature of an action to recover possession of personal property on one hand, and the legal nature of federal eminent domain proceedings on the other.

Preliminarily to a consideration under the record before us as to the legal nature of the actions in the State and Federal courts with which we are concerned we should keep in mind the restrictive terms of the ancient Act of March 2, 1793, now embodied in Section 265 of the Judicial Code, 28 U.S.C.A. § 379.

This sweeping prohibition of interference with proceedings in State courts by Federal injunction provides that "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

■ In the recent decision in Toucey v. New York Life Insurance Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967, the Supreme Court, after recounting the history and sensitive field of judicial authority involved in this legislation, reaffirmed the doctrine enunciated by the Court in its earlier decision in Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 83, 67 L.Ed. 226, 24 A.L.R. 1077, where it stated: "The rank and authority of the courts (Federal and State) are equal, but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict. The rule, therefore, that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist, the rule does not apply. Since that necessity does exist in actions in rem and does not exist in actions in personam, involving a question of personal liability only, the rule applies in the former but does not apply in the latter."

■ So important has been the Congressional circumspection in avoiding occasions for placing the tribunals of the States and of the Union in any collision that the Supreme Court has deemed it necessary to succinctly mark the bounds of priority of jurisdiction in the following graphic manner: " * * * where a state court first acquires control of the res, the federal courts are disabled from exercising any power over it, by injunction or otherwise." Toucey v. New York Life Ins. Co., supra [314 U.S. 118, 62 S.Ct. 145].

■ And "the restrictions of § 265 [of the Judicial Code, 28 U.S.C.A. § 379] upon the use of the injunction to stay litigation in the state court confine the district courts even though such an injunction is sought in support of an earlier suit in the federal courts." Southern R. Co. v. Painter, 1941, 314 U.S. 155, 62 S.Ct. 154, 155, 86 L.Ed. 116.

We turn now to examine the nature and character of the two types of action which concern us in this motion under consideration.

■ An action to recover possession of personal property is a statutory remedy. Section 3379 of the Civil Code of California provides that: "A person entitled to the immediate possession of specific personal property may recover the same in the manner provided by the Code of Civil Procedure." Sections 509 to 520 of the Code of Civil Procedure of the State of California provide for the provisional remedy of "Claim and Delivery of Personal Property." These later procedural statutes merely provide an auxiliary remedy by which, when a party brings an action to recover personal property, he may, upon compliance with statutory requisites, "claim" that the property be immediately delivered to him at the commencement of the action and without awaiting trial. Faulkner v. First National Bank, 130 Cal. 258, 62 P. 463.

Thus it is clear that in an action under the laws of the State of California to recover the possession of personal property the statutory auxiliary process of "claim and delivery" is optional. The nature of the action to recover personalty is unaffected regardless of whether or not the provisional remedy is applied. In other words, the invoking of the provisional remedy is in no way a necessity to the cause of action. It is merely an additional aid to secure in advance the judgment that is sought by the plaintiff under the laws of the State of California.

■ It is settled under California decisions that an action for the recovery of personal property is what is termed a mixed action, being partly in rem and partly in personam. The action is in rem so far as the specific recovery of the chattels is concerned, and in personam in so far as damages are sought. Williams v. Atchison, etc., Ry. Co., 156 Cal. 140, 103 P. 885, 134 Am. St.Rep. 117, 19 Ann.Cas. 1260; Claudius

v. Aguirre, 89 Cal. 501, 26 P. 1077; Wellman v. English, 38 Cal. 583.

■■ Any argument that the actions in the State court did not bring into the judicial custody of such court the specific property to which the instant motion is directed as of their date of institution, stems, we think, from an erroneous conclusion that the failure to invoke the California provisional remedy of "claim and delivery" changes the nature and essential character of replevin actions. Inherently the actions in the State court are not determinable by the utilization of the auxiliary process provided by the local law. It is settled law that where the action is in rem the effect is to draw to the court attaching jurisdiction the control, actual or potential, of the res. And no matter how inadequate "res" may be as a descriptive label, it is not true that a money claim "in personam" cannot be a "res." Such a claim in an action "quasi in rem" can be properly so characterized. Brooklyn Trust Co. v. Kelby, 2 Cir., 134 F.2d 105, at page 116.

The legal nature of a condemnation proceeding is thoroughly settled. A condemnation proceeding is a proceeding in rem. United States v. Dunnington, 146 U.S. 228, 13 S.Ct. 79, 36 L.Ed. 996; In re Condemnation Suits by United States, D.C., 234 F. 443.

It thus appears from pertinent authorities that the actions in the State court and the proceedings in this District court are both predicated on causes of action which seek to effect a specific res, and thus are in rem and quasi in rem in nature. See Lee v. Silva, 197 Cal. 364, 240 P. 1015.

■■ But the solution of the problem before us is dependent also upon the time of acquisition of jurisdiction in the State court in the actions to recover the possession of personal property as well as the nature of the action. Under applicable law jurisdiction of a court in civil actions is acquired from the time of service of summons. Section 416, Code of Civil Procedure. Interpretations of this code section establish that the court whose process is first served has the prior jurisdiction. 7 Cal.Jur. 593. It has been shown at the time of the hearing of the motion for injunction that the process in the two local actions to recover the possession of personal property was served upon the defendant Union Oil Company of California before the amended complaint in the instant condemnation proceeding was filed. It is evident that the State court acquired jurisdiction at least nine days before there was any specific token of acquisition by the Government of the personal property in dispute.

■ Now as to the acquiring of jurisdiction in a Federal eminent domain proceeding it has been reliably stated that the filing of the petition is the first step in a condemnation proceeding of the judicial type and is a jurisdictional prerequisite to the authority of the court to entertain the proceeding. Federal Eminent Domain Manual, Lands Division, Department of Justice, page 371. See, also, Lewis on Eminent Domain, Volume 2, section 867; Nichols on Eminent Domain, Volume 2, page 1041.

While no eminent domain decision has been called to our attention and we have found none precisely holding that the court's jurisdiction in eminent domain proceedings of the judicial type attaches as of the filing of the petition in condemnation, this appears to be the general rule in so far as in rem proceedings in general are concerned.

In the early case of Farmers' Loan & Trust Co. v. Lake Street El. R. Co., 177 U.S. 51, 20 S.Ct. 564, 568, 44 L.Ed. 667, the rule followed since was announced by the court as follows: "As between the immediate parties, in a proceeding in rem, jurisdiction must be regarded as attaching when the bill is filed and process has issued, * * *." This rule as to priority of jurisdiction in actions in rem or quasi in rem has been confirmed in the comparatively recent decision in Princess Lida of Thurn et al. v. Thompson et al., 1939, 305 U.S. 456, 59 S.Ct. 275, 280, 83 L.Ed. 285, in the following pertinent language: "We turn to the suit instituted in the District Court to ascertain what relief was there sought. * * * Certain, it is, therefore, that if both courts were to proceed they would be required to cover the same ground. This of itself is not conclusive of the question of the District Court's jurisdiction, for it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res

judicata in the other. On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other. We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. (Citing cases.) The doctrine is necessary to the harmonious cooperation of federal and state tribunals." (Citing United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331.)

The same jurisdictional principle enunciated in these decisions of the Supreme Court has been restated by our Circuit Court of Appeals in Hutchins v. Pacific Mut. Life Ins. Co. of California et al., 9 Cir., 1938, 97 F.2d 58, 60, wherein a specific res was in the possession of the California court and a dispute arose as to the priority of jurisdiction between such court and the Federal Court and wherein Judge Healy writing for the court stated: "It is settled law that where a state and a Federal court both have concurrent jurisdiction in suits in rem or quasi in rem, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."

While it is probably true under the broad powers reposed by Congress in the Executive by Title II of the Second War Powers Act, 50 U.S.C.A. Appendix § 632, that the personal property involved in this controversy might have been acquisitioned with the land or acquired as incidental thereto, the record evidence before us clearly proves that no such situation existed. As previously adverted to, all of the memorials, instruments of authority and pleadings leading up to and accompanying the acquisition by the plaintiff pertain to land, and only to land. Nor is there any indication in the resolutions of the acquiring agency of September 19, 1942 and October 19, 1942 that evince any intention to acquire the personal property in dispute as part of the natural gas storage facility sought through the condemnation proceedings instituted in this court.

The fair preponderance of the evidence before us establishes, we think, that the present claim that it was the intention from the inception of the project to acquire the personalty is an afterthought conceived to avoid possible consequences of the seizure of September 28, 1942.

■ There can be no serious claim of ratification by plaintiff of the seizure of the personalty because before any adequate manifestation by plaintiff of an intention to acquire such property was evident, the State court had already acquired jurisdiction of the res. The factual situation here is dissimilar to that before the court in Yearsley v. W. A. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554. Moreover, the Yearsley decision does not enunciate the principle that ratification of a taking without condemnation proceedings ipso facto confers jurisdiction on the United States court.

■ The sole method chosen to acquire the necessary war facility to which the action in this court relates was by condemnation proceedings of the judicial type brought as Title II of the Second War Powers Act specifies in accordance with the Act of August 1, 1888, Sections 257, 258, 40 U.S.C.A. One of the jurisdictional essentials of a proceeding in condemnation of the judicial type is that the property sought to be taken shall be described in the petition (complaint). See Section 1244, California Code of Civil Procedure.

It is clearly established by the record before us that no specification whatever of any personalty was made in any of the proceedings until the month of October, 1943, when for the first time an authorization to amend the pleadings so as to include personal property was given, and it was not until the following January that the amended complaint directed to the acquisition of the personal property in issue was filed.

Thus we find that the earliest effectual and authorized acquiring of the personal property by the Government was subsequent to the acquiring of jurisdiction over the same res by the State court in the recovery

actions pending therein. As no other type of authority than judicial has been invoked or applied by plaintiff in the acquisition under consideration, we consider argument and authorities as to the lodgment in the United States of other processes in eminent domain as academic and irrelevant to the motion before the court.

We conclude with the observation that the injunction to restrain proceedings in either of the State court actions is unnecessary under the record before us. In the local suits no relief to the oil companies other than money judgments appears to be now possible. Such an outcome in the State court would neither impair nor defeat the jurisdiction of this court in the condemnation proceeding.

The petition for injunction is denied. The motion for injunction is denied. Exceptions allowed movents.

There is some doubt as to the necessity of formal findings of fact, conclusions of law and judgment herein by reason of the inapplicability of the Federal Rules of Civil Procedure in condemnation proceedings. Rule 81(a)7. However, should counsel desire formal findings of fact, conclusions of law and judgment they should be in conformity hereto prepared and presented to the Judge for consideration within five days from date hereof.