**HAYES INDUSTRIES, INC., Defendant, Appellant,**

v.

**CARIBBEAN SALES ASSOCIATES, INC., Plaintiff, Appellee.**

**No. 7017.**

United States Court of Appeals First Circuit.

Jan. 10, 1968.

Gonzalo Sifre and McConnell, Valdes, Kelley & Sifre, San Juan, P. R., on memorandum in support of motion.

Salvador E. Casellas, Santurce, P. R., and Fiddler, Gonzalez & Rodriguez, San Juan, P. R., on memorandum in opposition to motion.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In this action for alleged termination of contract without cause defendant seeks certain interlocutory relief pending appeal. A detailed statement of the travel of the case is called for.

Caribbean Sales Associates, Inc., a Puerto Rican corporation, hereinafter plaintiff, had a distributorship contract with defendant Hayes Industries, Inc., a Michigan manufacturer. In 1966 defendant cancelled the contract. Learning that plaintiff believed this cancellation to be a violation of rights conferred upon it by a Puerto Rican statute known as Act No. 75, P.R.Laws Ann. tit. 10, §§ 278–278d, defendant filed in its local Michigan court a declaratory judgment proceeding against the plaintiff for a determination of rights. A month later plaintiff sued the defendant in the Puerto Rico local court. This action was removed by the defendant to the United States District Court. Thereafter the Michigan court, after hearing, denied plaintiff's motion to dismiss for lack of jurisdiction.

On August 17, 1967 the federal district court denied a motion to dismiss plaintiff's Puerto Rico suit for lack of jurisdiction and, apparently *sua sponte*, enjoined the defendant from further prosecuting the Michigan action. 273 F.Supp. 598. Defendant's appeal from this order under 28 U.S.C. § 1292 is scheduled for our next Puerto Rico sitting. Defendant moved in the district court that the injunction be suspended, or alternatively, that further proceedings be stayed pending the disposition of the appeal. On November 13 the district court denied both requests and scheduled the case for trial on the merits. It is from this order that defendant seeks immediate relief.

■ The district court's scheduling the case for trial before, in the ordinary course, we could decide the appeal would tend to make our proceedings meaningless. One issue on the appeal is whether the Michigan and Puerto Rico actions can proceed simultaneously until a judgment is obtained in one jurisdiction or the other. By ordering trial while the Michigan action is enjoined the district court made likely that the first judgment would be obtained in Puerto Rico before the appeal is decided. While, very conceivably, we might later set that judgment aside if we found the injunction had been improperly issued, nonetheless we would be faced with the argument that, were the decision on the merits

otherwise free from error, the right to issue the injunction was entirely collateral to the validity of that decision and should not taint the judgment. We do not care to reach such a posture. At a minimum the defendant is entitled to an order under our rule 25(5) protecting our jurisdiction by vacating the district court's order setting the case for trial. 28 U.S.C. §§ 1651(a), 2106; Fed.R.Civ. P. 62(g).

■ We turn to defendant's request that the injunction against the Michigan proceeding be lifted. On its face this injunction runs squarely contrary to 28 U.S.C. § 2283, which reads as follows.

"§ 2283. Stay of State court proceedings.

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The district court in a detailed (unpublished) opinion accompanying its November 13 order gave a number of reasons why it believed the injunction should issue. While we do not agree, as it happens, with any of them, we appreciate the court's careful articulation.

First, the court cited 28 U.S.C. § 1651 (a), which reads as follows.

"§ 1651. Writs.

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

This statute, so far as the case at bar is concerned, does no more than recite a general rule to which section 2283 provides exceptions. See 1A Moore, Federal Practice § 0.208 [1] n. 1 (2d ed. 1965). Its citation does not advance matters.

Next, the court stated that the defendant's proceeding in Michigan showed a "calculated intention to evade the jurisdiction of the courts of the Commonwealth of Puerto Rico." We assume that the district court was not, by this phrase, speaking only of the insular courts. Our federal system is not consistent with any attempt to restrict litigation to local courts, examination of Act No. 75 reveals no such intent, and were it to do so, the limitation would be unconstitutional. Railway Co. v. Whitton's Adm'r, 1871, 80 U.S. (13 Wall.) 270, 285–287, 20 L.Ed. 571; cf. Terral v. Burke Construction Co., 1922, 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352. If the court's view was that the defendant is at least obliged to litigate in the federal district court of the district of Puerto Rico we would find it equally impermissible. Except in circumstances not here involved, a statutory limitation upon choice of forum is unenforceable. See Tennessee Coal, Iron & R. R. v. George, 1914, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997; cf. Hughes v. Fetter, 1951, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212; First Nat'l Bank of Chicago v. United Air Lines, Inc., 1952, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441.

The court's third reason, if it be considered a separate one, was that it is the plaintiff that should choose the forum, and the defendant should not be permitted to affect this by having "raced" elsewhere. The court cited no authority for this broad proposition. It is an unsound generalization. Rather, if one were to generalize, it is commonly said that the jurisdiction which is to be preferred is the one which first attaches. See, e. g., Wilson v. Schnettler, 1961, 365 U.S. 381, 384, 81 S.Ct. 632, 5 L.Ed.2d 620. If the court meant that declaratory judgment actions have an inferior status, we know of no basis for this.

Fourth, the court stated that the case must be decided "on the basis of the Puerto Rican laws." We agree, at least for present purposes, with this statement, but we do not agree with what the court drew from it. Essentially, although the court did not say so in so many words, its position was that the Michigan court

is forum non conveniens. In this connection the court quoted from La Electronica, Inc. v. Electric Storage Battery Co., D.P.R., 1966, 260 F.Supp. 915, 917:

> "Many relevant pronouncements of the law are in the Spanish language, the official translations of which take years to be accomplished, [and] would hardly be accessible to English speaking Judges in the Continent, who are not familiar with the Spanish language * * * [which] would be unfair to the plaintiff."

The plaintiff and the defendant are both citizens of the United States, one of Puerto Rico, and one of the state of Michigan. Each chose to do business with the other. On the assumption that the statute is constitutional, the defendant may well have subjected itself to it. Cf. Volkswagen Interamericana, S.A. v. Rohlsen, 1 Cir., 1966, 360 F.2d 437, cert. denied 385 U.S. 919, 87 S.Ct. 230, 17 L.Ed. 2d 143. Whether language difficulties and problems of translation mean that trial in Puerto Rico must be always the preferred venue, however, is a troublesome question. We do not face it. Even were it true that Michigan could be considered a less convenient forum, the doctrines of forum non conveniens and abstention call for self-abnegation by the abstaining court. See Commerce Oil Refining Corp. v. Miner, 1 Cir., 1962, 303 F.2d 125.[1] They are not to be imposed upon the other court by the one which thinks itself superior. Indeed, this is the real substance of section 2283.

The question comes, when is a federal court injunction within the exception of section 2283 as "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This phrase has given rise to considerable litigation. Whatever its meaning, however, the law is clear that it does not apply when the federal court has before it a mere in personam cause of action between two parties which has not gone to judgment. Southern Ry. Co. v. Painter, 1941, 314 U.S. 155, 62 S.Ct. 154, 86 L.Ed. 116; Kline v. Burke Constr. Co., 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226. The 1948 amendments, while restoring the power of the federal courts to enjoin relitigations in state courts and contemplating that equally compelling circumstances might perhaps arise in the future, see Leiter Minerals, Inc. v. United States, 1957, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267, did not alter this basic rule. Commerce Oil Refining Corp. v. Miner, supra; Red Rock Cola Co. v. Red Rock Bottlers, Inc., 5 Cir., 1952, 195 F.2d 406; See Amalgamated Clothing Workers of America v. Richman Bros., 1955, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600; C. Wright, Federal Courts 155 (1963). In permitting injunctions in aid of jurisdiction Congress had in mind the type of situation previously classified under that heading. See, e. g., Essanay Film Mfg. Co. v. Kane, 1922, 258 U.S. 358, 361, 42 S.Ct. 318, 66 L.Ed. 658, and cases cited. Indeed, we suggest that if the exception were read to cover a case such as the one at bar the statute would be meaningless.[2]

---

1. In citing *Commerce Oil Refining Corp.* as permitting the injunction the court in some manner turned about what we held. Having decided there that section 2283 prevented the district court from enjoining a concurrent state in personam action, we added that it was peculiarly inappropriate to do so in that particular case because the state court was best qualified to interpret the statute there involved, so that in addition to not enjoining the state action the federal court should perhaps stay its own. This did not mean that if for some reason we had thought that the federal court was better qualified we would have disregarded the mandate of section 2283 and enjoined the state proceeding. Indeed, we observed that so far as the right to enjoin the state court proceeding was concerned, the federal court's "ability" had nothing to do with it. 303 F.2d at 128 n. 5.

2. Plaintiff cites in opposition only three decisions: Brown v. Pacific Mut. Life Ins. Co., 4 Cir., 1933, 62 F.2d 711; Jamerson v. Alliance Ins. Co., 7 Cir., 1937, 87 F. 2d 253, cert. denied 300 U.S. 683, 57 S.Ct. 753, 81 L.Ed. 886, and American Ins. Co. v. Lester, 4 Cir., 1954, 214 F.2d 578. The first is based upon an unsound premise, and is no longer law. See Atlas

We would add that quite apart from any citation of authority, as a matter of principle the district court was in error. For reasons that appealed to it, the district court felt that it should be the only one to proceed. There are, however, at least plausible grounds which might cause the Michigan court to believe itself the superior jurisdiction. While plaintiff is a Puerto Rico domiciliary, defendant is of Michigan and, as stated earlier, Michigan's was the first court to acquire jurisdiction. Although the district court is of the view that the Puerto Rico statute governs, the contract provides (we do not say with what effect) that Michigan law is to govern. If the district court is free to enjoin actions elsewhere, should not the Michigan court be equally free to protect its own jurisdiction by enjoining the action in Puerto Rico? What then?

The answer has been well expressed in Carson v. Dunham, 1889, 149 Mass. 52, 20 N.E. 312, 3 L.R.A. 202. For over a hundred years federalism has recognized multi-state rights and the concept of comity. See Toucey v. New York Life Ins. Co., 1941, 314 U.S. 118, 129–132, 134 n. 5, 62 S.Ct. 139, 86 L.Ed. 100. For reasons we have given, the federal court, in the normal course, cannot enjoin the state court. Correspondingly, the state court cannot enjoin the federal court. Donovan v. City of Dallas, 1964, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409. Whatever may be the inconveniences, comity is to be preferred to combat.

The injunction is vacated. The order setting the case for trial is rescinded, and so that the balance vis-a-vis the Michigan action, improperly disturbed by the injunction, may be redressed, no activity of any sort in this case may take place in the district court, except at the request of the defendant and the consent of the court, until there have elapsed,

following receipt of mandate, as many days as the injunction was in effect.

The other issues raised by the appeal will be heard at our February sitting, to the extent we find them presently open.

---

Life Ins. Co. v. W. I. Southern, Inc., 1939, 306 U.S. 563, 572–573, 59 S.Ct. 657, 83 L.Ed. 987; American Life Ins. Co. v. Stewart, 1937, 300 U.S. 203, 215–216, 57

S.Ct. 377, 81 L.Ed. 605. If the other two are correct, it is only because of special circumstances precisely lacking in the case at bar.