**SPERRY RAND CORPORATION, a corporation, Plaintiff-Appellant,**

v.

**SUNBEAM CORPORATION, a corporation, Defendant-Appellee.**

No. 13086.

United States Court of Appeals
Seventh Circuit.

Dec. 28, 1960.

Rehearing Denied Feb. 13, 1961.

Gerrit P. Groen, Chicago, Ill., Francis J. McNamara, New York City, Dean A.

Olds, Byron, Hume, Groen & Clement, Chicago, Ill. (Frank C. Sterck, New York City, of counsel), for plaintiff.

George R. Clark, Beverly W. Pattishall, Chicago, Ill. (Woodson, Pattishall & Garner, Chicago, Ill., of counsel), for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff has appealed from order of the United States District Court enjoining plaintiff, and others controlled by plaintiff, from instituting any other action, in any court, seeking to restrain defendant, or any company owned or controlled by defendant, from use of the trade-mark Rollmaster in connection with electric shavers, pending final determination of the action now pending before the United States District Court, which, at the time of this appeal, was not yet at issue.

A brief review of this litigation is in order. In November, 1958, plaintiff filed suit No. 58 C 2023 in the United States District Court, Northern District of Illinois, charging defendant with (1) patent infringement resulting from defendant's alleged copy of the mechanical features of plaintiff's patented electric shaver Rollectric; (2) trade-mark infringement in use of the trademark Rollmaster; and (3) acts of deliberate unfair competition. The complaint was amended to include a fourth count for infringement of a newly issued patent. At the time that case No. 58 C 2023 was called for trial, defendant had not yet filed its answer. On July 9, 1959, the parties came to an agreement, which, in defendant's view, disposed of all their differences respecting trademark infringement and unfair competition. Plaintiff contends that this agreement disposed of the unfair competition aspects alone of the action No. 58 C 2023.

The agreement reads as follows:

"Agreement.

"1. Sperry Rand Corporation will further amend its Complaint in

'Sperry Rand Corporation v. Sunbeam Corporation', Civil Action No. 58 C 2023, now pending in the United States District Court for the Northern District of Illinois, Eastern Division, so as to dismiss Counts 2 and 3 thereof with prejudice and without costs to either party, and does further release Sunbeam Corporation from any matter and thing other than as alleged in Count 1 and 4 of said Complaint, as heretofore amended; provided, however, that Sperry Rand Corporation reserves any right it may have to contest Sunbeam Corporation's application to register the trademark Rollmaster before the United States Patent Office or any other governmental registering authority.

"2. Sunbeam Corporation hereby releases Sperry Rand Corporation from all matters and things to the date hereof except for Sunbeam Corporation's rights under Patent No. 2,702,938 and agrees not to challenge in any forum Sperry Rand Corporation's right to use the trademark Rollectric.

"3. From this date forward neither party will copy or simulate the product or packaging designs of the other party in a manner likely to confuse the public as to the source thereof.

"4. Sunbeam Corporation agrees that, until its right to register its trademark Rollmaster has been favorably and finally determined, it will not henceforth use the trademark Rollmaster without its trademark Sunbeam appearing in conjunction therewith in type of equal or greater prominence than that used for the trademark Rollmaster.

"5. This document, signed in duplicate, shall be retained in the respective corporate files of the parties but shall not be released for general publicity purposes nor shall the same, or the content thereof, or the dismissal of Counts 2 and 3, be used by either party by way of sales, promotional or other internal or external publicity purposes.

"6. The execution of this Agreement by the parties hereto is not to be construed as an admission that either party has engaged in any unlawful acts to the date hereof.

"Dated at Washington, D. C., this 9th day of July, 1959.

"Sunbeam Corporation
"By Herman T. Van Mell
"Vice President and General Counsel
by David C. Murchison.

"Sperry Rand Corporation
"By Norman B. Frost
"General Counsel
and Director."

The patent infringement aspect in case No. 58 C 2023, after dismissal without prejudice on or about March 31, 1960, as agreed, was refiled as case No. 60 C 673 on or about May 3, 1960, and was still pending at the time of this appeal. The parties had agreed that "such dismissal [of No. 58 C 2023] in and of itself is not to be construed as precluding Plaintiff from hereafter suing for the construction, interpretation, reformation and/or recission [sic] of the Agreement of July 9, 1959. * * *"

The instant action, No. 60 C 781, filed May 19, 1960, for trademark infringement and contesting defendant's right to register and use Rollmaster, is the only action pending by plaintiff against defendant in any state or federal court in the United States for infringement of the trademark Rollectric. The above quoted agreement was attached to the complaint in case No. 60 C 781.

Plaintiff's affiliate, Remington Rand G.m.b.H. of Frankfurt, Germany, a German corporation, the exclusive licensee of Sperry Rand in Germany, and authorized to undertake, in its own name, all legal action necessary to protect against violations under German law, in Germany, filed an action for patent and trademark infringement against defend-

ant's affiliate, Sunbeam Elektrogerate, G.m.b.H. in the County Court of Frankfurt, Germany, seeking preliminary restraining order, which was denied. In accordance with German procedure, on June 3, 1960, Remington Rand G.m.b.H., therefore, filed a complaint in the Provincial Court of Dusseldorf, Germany, for full hearing on the merits, damages, and permanent injunction, based on manufacture and sale in Germany in infringement of the trademark Rollectric, registered in Germany, licensed to Remington Rand G.m.b.H. The Dusseldorf complaint is based on alleged violation of the German Trademark and Unfair Competition statutes, and secondary meaning attaching to the shaver and trademark in Germany, in alleged violation of decisions of the German Federal Supreme Court. No other causes of action were filed by plaintiff or any of its affiliates against defendant or any of its affiliates, anywhere in the world. Plaintiff, however, has indicated to defendant that if defendant or its affiliates continue in alleged infringement, suits will be brought by the appropriate licensee in each country where such infringement occurs.

The District Court found that the actions and threatened actions of plaintiff and its affiliates, as outlined above, were vexatious and harassing to defendant, and on July 21, 1960, entered a preliminary injunction reading, in part, as follows:

"Ordered, *nunc pro tunc* as of July 20, 1960, that plaintiff and all corporations, persons, and companies, owned or controlled by plaintiff, shall be and hereby are enjoined from instituting any other action in any court, seeking to restrain defendant or any company owned or controlled by defendant, from use of the trademark Rollmaster in connection with electric shavers, pending final determination of this action.

"It is further ordered that plaintiff shall cause its German subsidiary, Remington Rand G.m.b.H., to join with defendant's German sub-

sidiary, Sunbeam Elektrogerate G. m.b.H., in presenting a motion to suspend all proceedings, including the filing of the answer and the taking of all depositions, in the trademark infringement action brought by plaintiff's subsidiary company against defendant's subsidiary company, in Dusseldorf, Germany on June 3, 1960, entitled Remington Rand G.m.b.H. v. Sunbeam Elektrogerate G.m.b.H., Docket No. 4.0 181/60 in the Provincial Court, 4th Chamber, pending final determination of this action."

The parties are agreed that the United States District Court may not adjudicate questions of foreign trademark rights even though the parties to such controversies might be properly before it in another case. It is defendant's position, however, that the United States District Court may enjoin *pendente lite* a party properly before it from pursuing what the Court finds to be a cause of harassing and vexatious foreign and domestic litigation.

In support of this contention defendant has invited our attention to the following cases. In Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 1953, 203 F.2d 105, Harvey sought specific performance of an alleged agreement to sell the assets of Cyanamid's subsidiary, which consisted of facilities for mining bauxite in British Guiana. The New York District Court had denied a motion to vacate notice of voluntary dismissal and had refused preliminary injunction prohibiting the plaintiffs from bringing proceedings involving the same question elsewhere. On appeal, the Second Circuit held that the voluntary dismissal was improper. As denial of the injunction was based on the fact that the case was no longer before the New York Court, the Second Circuit remanded the cause for exercise of the District Court's discretion as to whether another action in British Guiana, apparently involving the same parties and the same issue,

ought to be restrained on the ground of vexatiousness.

In Commercial Acetylene Co. v. Avery Portable Lighting Co., C.C.E.D.Wis.1906, 152 F. 642, the Circuit Court restrained further suits by a complainant, assignee of patents, who brought ten suits in various United States circuits, against vendees of defendant, whom defendant was morally bound to protect, with reference to one type of gas tank, so that the issues in all suits were practically identical. The patents involved had not been subjected to legal adjudication. The Circuit Court said [at page 645]:

"[I]f, before any adjudication, the patentee shall bring a multiplicity of suits for the purpose of harassing * * * a rival manufacturer * * * to destroy his business by exciting terror among his customers, it would seem that there must reside somewhere the power to intervene and protect the defendant * * * until the validity of the patents already challenged may be established in the courts."

The Circuit Court did not restrain further prosecution of the ten pending suits but thought it better practice to allow defendants in those suits to make application to stay proceedings, recognizing that there might be proper reasons why some further proceeding might justly be had in some of them. The decision was affirmed by this Court in 159 F. 935 (1908).

In Higgins v. California Prune & Apricot Growers, 2 Cir., 1922, 282 F. 550, an action was brought in a New York District Court, and thereafter, the same plaintiff brought action in three California courts, against the same defendants, involving the same transactions, each of the three for the identical amount of damages. Defendants sought by ancillary bill of complaint, in the New York Court to stay the subsequent actions in the other courts. The New York Court dismissed the bill for want of jurisdiction. There was a question of substituted service which on appeal was resolved in favor of defendants. The Second Circuit also held that there was no doubt of the power of the District Court in New York to stay the subsequent, vexatious proceedings in the three California courts. The decree of the District Court was reversed with directions to reinstate the bill and to proceed in accordance with the Court of Appeals' opinion.

In Gage v. Riverside Trust Co., Ltd., C.C.S.D.Cal.1898, 86 F. 984, suit was brought in California where the defendant British company had an agent. While plaintiff was temporarily in England, an action was commenced against him by defendants, involving questions, which, the California Court found, could be adjudicated under the pleadings in the California action. An injunction was granted restraining defendants from proceeding further in the English action.

All of these cases are clearly distinguishable from the case before us. Contrary to defendant's suggestion, it does not appear that, short of agreement between the parties and their foreign affiliates, disposition of the cause pending in the District Court will dispose of the German case or other threatened cases in foreign courts. The record shows that there is one trademark action pending in the United States and no others contemplated; that there is one action pending in Germany; and a threat to file separate actions in other foreign countries by local foreign nationals involving specific foreign rights arising under and enforceable only through the laws of those foreign countries. We cannot agree that there is evidence to support a finding of vexatious or harassing litigation and must hold such finding to be clearly erroneous.

It does not appear that the institution of these separate law suits for trademark infringement in other foreign countries would duplicate the action now pending in the District Court. It does appear that under the laws of those countries the injunction may seriously and irreparably harm plaintiff's foreign affiliates. There is evidence to show that under German law, for example, the is-

sue of infringement is determined on the facts in existence at the time of the final hearing, and that the longer side-by-side use of two trademarks continues, the greater is the presumption that confusion between them is unlikely. No evidence has been adduced concerning the statutes of limitation which may bar the bringing of actions in various foreign countries by plaintiff's foreign affiliates. Nevertheless, we are impressed by plaintiff's argument that the injunction herein cannot toll any such limitations which may apply to such suits in foreign countries. The injunction here would not maintain the status quo.

Defendant has filed a motion in the District Court to dismiss the complaint there in the instant case, No. 60 C 781, as barred by the agreement of July 9, 1959. That motion to dismiss and to construe the agreement is now pending before the District Court. Defendant cites Merrick v. Sharp & Dohme, 7 Cir., 1950, 185 F.2d 713, 717, in support of its contention that plaintiff's reservation, in the agreement of July 9, 1959, of the right to contest defendant's application to register the trademark Rollmaster, does not include the right to bring the instant proceeding in the District Court. In the Merrick case, this Court affirmed a finding that no justiciable controversy existed between the parties, and that plaintiff had no right to maintain a declaratory judgment action. In the course of the opinion, this Court distinguished proceedings to register a trademark, and opposition thereto, from private litigation between parties seeking redress for infringement. The issue of whether the action in the District Court is barred by the agreement is not before us. It is still pending in the District Court.

Defendant also argues that the agreement settled all issues in all foreign countries with respect to all affiliated foreign nationals of plaintiff and defendant. We do not agree. Nothing in the wording of the agreement, nor in the facts presently of record, supports that conclusion.

We therefore conclude that the injunction was granted in error.

Reversed with instructions to the District Court to vacate and dissolve the preliminary injunction dated July 21, 1960.