**CANADIAN FILTERS (HARWICH) LIMITED, Plaintiff, Appellee,**

v.

**LEAR–SIEGLER, INC., Defendant, Appellant.**

No. 7295.

United States Court of Appeals
First Circuit.

Heard May 5, 1969.

Decided June 9, 1969.

Martin J. Adelman, Birmingham, Mich., with whom Herbert P. Kenway, Kenway, Jenney & Hildreth, Boston, Mass., and Barnard, McGlynn & Reising, Birmingham, Mich., were on brief, for appellant.

W. R. Hulbert, Boston, Mass., with whom Charles C. Winchester, Jr. and George M. Doherty, Boston, Mass., were on brief, Fish, Richardson & Neave, Boston, Mass., of counsel, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In September 1968 plaintiff Canadian Filters (Harwich) Limited, a Canadian corporation, hereinafter Filters, filed in the district court for the District

of Massachusetts a complaint seeking a declaratory judgment against Lear-Siegler, Inc., a Delaware corporation, hereinafter Lear, to the effect that Lear's U. S. Patent No. 3,044,557 and Lear's corresponding and very similar Canadian Patent No. 666,465 were invalid and were not being infringed by Filters' manufacture in Canada and sale in the United States of certain fans. Three weeks later Lear sued Filters in the Exchequer Court in Canada for infringement of its Canadian patent. Filters moved in the district court for an injunction against the prosecution of the Canadian suit. Lear responded by moving for a dismissal of the portion of Filters' complaint that was based upon the Canadian patent on the ground that the "act of state" doctrine, Banco Nacional de Cuba v. Sabbatino, 1964, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed. 2d 804, foreclosed the district court's jurisdiction to pass upon the validity of that patent. The district court enjoined the parties from proceeding further in Canada, but without passing on its own jurisdiction over the Canadian patent, stating that it was reserving that issue until it had dealt with the United States patent. Lear appeals from the injunction.[1]

It appears that for some time prior to September 1968 the parties had been in disagreement regarding the propriety of Filters' conduct, more exactly, perhaps, as to the validity of Lear's patents. The present question is whether Filters, as a result of a three weeks' start so far as litigation is concerned, can delay, if not prevent, Lear from determining the validity of its Canadian patent in the Canadian courts. Filters' position is that since it was the first in court, Lear is "vexatious" whereas Filters is to be commended for its "attempt to finally settle this controversy at one time."[2] It goes so far as to claim that Lear should be grateful for the injunction, since it "cannot be hurt * * * and may well benefit," and even the Exchequer Court should be gratified because its "case load * * * has been, at last temporarily, and perhaps permanently, reduced."

Rather than congratulate Filters for its private and public benefactions, unsought and unappreciated at least so far as Lear is concerned, and, at best, of no value to the Exchequer Court, which is capable of staying its own proceedings if it wishes to, we observe that fundamental principles have been lost sight of. The issue is not one of jurisdiction, but one, almost as important when a foreign sovereign is involved, of comity. The presence of the parties confers on the district court jurisdiction to act, Cole v. Cunningham, 1890, 133 U.S. 107, 121, 10 S.Ct. 269, 33 L.Ed. 538, but the direct effect of the district court's action on the jurisdiction of a foreign sovereign requires that such action be taken only with care and great restraint. *See* Donovan v. City of Dallas, 1964, 377 U.S. 408, 412–413, 84 S.Ct. 1579, 12 L.Ed.2d 409. We have only recently pointed out the comity which the federal courts owe to courts of other jurisdictions. Hayes Indus., Inc. v. Caribbean Sales Associates, Inc., 1 Cir., 1968, 387 F.2d 498. *See also* Toucey v. New York Life Ins. Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100. The Congressional policy upon which 28 U.S.C. § 2283 is based should, a fortiori, be reflected by a self-imposed reluctance to interfere with courts of foreign countries.

Doubtless there are times when comity, a blend of courtesy and expedience,[3] must give way, for example when

---

1. Filters makes the suggestion in its brief that apparently Lear is content with the court's own treatment of the Canadian patent as it has not appealed from that part of the order. This suggestion is gratuitous, if not disingenuous, since, as Lear points out, that action is unappealable. 28 U.S.C. §§ 1291, 1292.

2. How it settles it "at one time" is not made clear, since, concededly, the district court plans to litigate the United States patent separately.

3. As we said in Hayes Indus., Inc. v. Caribbean Sales Associates, Inc., *supra*, 387 F. 2d at 502, "[C]omity is to be preferred to

the forum seeks to enforce its own substantial interests, or in limited circumstances when relitigation would cover exactly the same points, as, for example when both suits are in rem, and the burden of a second suit thus renders reliance on res judicata alone inappropriate. However, these exceptions do not apply to this case where the subject matter of the foreign suit is a separate, independent foreign patent right. Sperry Rand Corp. v. Sunbeam Corp., 7 Cir., 1960, 285 F.2d 542, 544–546. Indeed, the court did not even reach the stage of comity vel non. Without passing on the question whether it could adjudicate rights arising under the laws of another jurisdiction, *compare* Ortman v. Stanray Corp., 7 Cir., 1967, 371 F.2d 154, 158, with Vanity Fair Mills, Inc. v. T. Eaton Co., 2 Cir., 1956, 234 F.2d 633, 647, *cert. denied* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed. 2d 76, the court summarily placed the whole matter in abeyance, for itself or anyone else. We cannot recognize layaway jurisdiction as a basis for enjoining other proceedings.

■ Although Filters, a Canadian corporation, sells its products in the United States, in order to continue its Canadian manufacture it must succeed under both patents. Boesch v. Gräff, 1890, 133 U.S. 697, 10 S.Ct. 378, 33 L.Ed. 787. While Filters may prefer to have a United States court determine the validity of Lear's Canadian patent, Lear has a right to prefer the Canadian court even though this may be regarded as an inconvenience by Filters or, in the total picture, be thought to involve duplication. Filters sought the wrong relief. Rather than, in effect, attempt to strong-arm the Canadian court, it should have asked that court, if it thought it was so entitled, to postpone its proceedings until the United States court had taken action. Short of

combat." Filters' suggestion that the Canadian court would be "curiously reminiscent of Lewis Carroll's Queen of Hearts" if it were to draw "unsolicited injunctions," is ill taken. The Canadian court might wish to dispose of its calendar. Indeed, if we are to reminisce, this same counsel suggested that the Massachusetts

that, there must be some adjustment for the improper departure from principles of comity. Since the injunction has been in effect for virtually a court year, the district court is instructed to take no further proceedings as to either patent, except with the consent of Lear, before March 1, 1970, provided that Lear proceeds with reasonable diligence in its Canadian suit, or unless the Candian court elects to defer to the court below. Hayes Indus., Inc. v. Caribbean Sales Associates, Inc., *supra.*

The injunction is vacated and the action is remanded to the District Court for further proceedings not inconsistent herewith.

District Court dispose of its calendar, to the great inconvenience of other parties actively engaged in litigating the patent in another forum in Alamance Indus., Inc. v. Filene's, 1 Cir. 1961, 291 F.2d 142, *cert. denied* 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33.