**Michael HSU, et al., Plaintiffs,**

v.

**OZ OPTICS LIMITED, Defendant.**

No. C 02–04156–RS.

United States District Court,
N.D. California,
San Jose Division.

Dec. 23, 2002.

Yung–Ming Chou, Fremont, CA, for Plaintiff.

Garet D. O'Keefe, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 4)

SEEBORG, United States Magistrate Judge.

## I. INTRODUCTION

Defendant OZ Optics Limited ("OZ") moves to dismiss the complaint of Michael Hsu, a representative of the former shareholders of Bitmath, Inc. ("Hsu"). The parties fully briefed the motion and appeared for oral argument on December 18, 2002. For the reasons set forth below, defendant's motion to dismiss is granted in part and denied in part.

## II. BACKGROUND

On August 28, 2002, Hsu filed a complaint in district court alleging claims for relief based on breach of contract, fraud, intentional interference with prospective business relationship, and negligent interference with prospective business relationship. OZ moves to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) and for failure to state a claim under Rule 12(b)(6). In the alternative, OZ moves for a more definite statement under Rule 12(e) with respect to the breach of contract claim.

Hsu's complaint alleges the following: on April 30, 2001, defendant OZ, a Canadian corporation, entered into a merger agreement with the plaintiffs. (Compl.¶ 5.) According to the terms of the merger, OZ agreed to convert all outstanding shares of Bitmath stock and employee options to shares of OZ common stock. *Id.* The OZ shares used to effectuate the merger were to be held in escrow. (Compl.¶ 6.) The merger agreement also granted plaintiffs "a limited onetime right to license certain intellectual property of Bitmath, Inc. known as Draco and Magelen D & M DVD Intellectual Property." *Id.* Starting in late 2001, pursuant to the Limited Right to License Agreement, plaintiffs attempted to license the D & M DVD Intellectual Property to other companies, such as Cirrus Logic. (Compl.¶ 9.) Plaintiffs sought cooperation from OZ with respect to these negotiations, but OZ refused to perform its obligations under the License Agreement and unilaterally rescinded the Merger Agreement and the License Agreement. (Compl.¶¶ 9–10.)

OZ moves to dismiss on the ground of improper venue because "three written agreements entered into between the parties contain choice of law and choice of forum provisions that require this action to be litigated in Canada." (Def.'s Mot. to Dismiss, at 2:16–18.) Operating on the assumption that the forum selection clause contained in the Merger Agreement is mandatory, defendant argues at length that the grounds for invalidating a mandatory forum selection clause are not present in this case.[1] Defendant also argues that the principle of comity requires dismissal and that "federal courts may dismiss an action for lack of jurisdiction or on the basis of *forum non conveniens* leaving the parties to litigate the dispute in a more appropriate forum." (Def.'s Mot. to Dismiss, at 4:7–8.) OZ also moves to dismiss all four claims for relief for failure to state a claim.

---

1. OZ argues that the forum selection clause was not induced by fraud, the forum chosen does not deprive plaintiffs of their day in court, Ontario law provides adequate remedies, and that Ontario is not "gravely and manifestly inconvenient" for plaintiffs. These factors relate to the analysis undertaken after a court determines that a forum selection clause is mandatory as explained by the U.S. Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

## III. STANDARDS

### A. Failure to State a Claim under Fed. R.Civ.P. 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all facts alleged in the complaint are taken as true in the light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996). The Court must "draw all reasonable inferences in favor of the non-moving party." *Salim v. Lee*, 202 F.Supp.2d 1122, 1125 (C.D.Cal. 2002). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

### B. Improper Venue under Rule 12(b)(3)

■ A motion to dismiss based on enforcement of a forum selection clause is treated as a motion for improper venue under Rule 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996). "Accordingly, the pleadings are not accepted as true and facts outside the pleadings may be considered by the district court." *Walker v. Carnival Cruise Lines*, 63 F.Supp.2d 1083, 1086 (N.D.Cal.1999). "In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir.2000).

## IV. ANALYSIS

### A. Motion to Dismiss for Improper Venue

■ Forum selection clauses come in two varieties: permissive and mandatory. There is a vast difference between the two. *See Northern Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1036–37 (9th Cir.1995); *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir.1989); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir.1987).

A mandatory forum selection clause is presumed valid and is to be strictly enforced. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). A permissive forum selection clause, on the other hand, simply means that the parties consent to the jurisdiction of the designated forum. *See Hunt Wesson Foods*, 817 F.2d at 78. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Northern Cal. Dist. Council of Laborers*, 69 F.3d at 1037.

■ The forum selection clause at issue reads: "Each of the parties submits itself to the non-exclusive jurisdiction of the Ontario Courts and waives any right to trial by jury in any action, claim, suit, or proceeding with respect hereto." The plain language of this provision cannot bear the interpretation offered by defendant. Instead, the clause must be interpreted as a permissive forum selection clause. *See Hunt Wesson Foods*, 817 F.2d at 76 (finding forum selection language stating that California state court "shall have jurisdiction" to be permissive rather than mandatory). Defendant has failed, therefore, to make a showing that venue is improper because of the forum selection clause contained in the Merger Agreement of the parties.

■■ In addition to its forum selection argument, defendant mentions that a district court is empowered to dismiss an action under the doctrine of *forum non conveniens*. However, "[a] party moving to dismiss on grounds of *forum non conveniens* must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir.1991). This showing must clearly overcome the deference which is ordinarily given to a plaintiff to choose a United States forum.[2] *Contact Lumber v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir.1990). In this case, defendant has failed to marshal facts demonstrating why the public or pri-

---

2. Such deference is usually only afforded to United States plaintiffs. In this case, the plaintiffs are former shareholders of a California corporation which was located and did business in Fre-

mont, California. The named plaintiff is a lawful permanent resident residing in California. (Decl. of Michael Hsu supporting Pls.' Opp'n to Def.'s Mot. To Dismiss.)

vate factors warrant dismissal. Instead, defendant has merely suggested that Ontario might be the optimal forum for adjudication. Because *forum non conveniens* is "an exceptional tool to be employed sparingly," the Court cannot entertain such a remedy in the absence of facts presented in support of the motion. *See Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir.2000). Having failed to develop such a record here, defendant's motion for dismissal on *forum non conveniens* grounds must be denied.

■■■ Defendant also argues that this case should be dismissed in the interest of comity. As an initial matter, although a court may stay proceedings based on comity, this doctrine does not serve to make venue "improper" for the purposes of Rule 12(b)(3). Second, the case cited by defendant to support its comity argument, *Canadian Filters v. Lear–Siegler*, 412 F.2d 577 (1st Cir.1969), is not on point. In *Canadian Filters*, the First Circuit Court of Appeals reversed a district court order which enjoined the parties from pursuing a Canadian action which was similar in nature to the case then in front of the district court. *Id.* at 578. The First Circuit viewed issuance of the injunction as unnecessary interference with the Canadian judiciary, and concluded that the party seeking an injunction should not have tried to "strong-arm the Canadian court, [but rather should have] asked that court … to postpone its proceedings until the United States court had taken action." *Id.* at 579. In this case, defendant does not point to a foreign proceeding which requires the exercise of comity.[3] Instead, defendant argues that dismissal in the name of comity arises merely because the contract in dispute contains a choice of law and forum selection clause. A United States district court faithfully applying Canadian law, however, does not interfere with Canadian judicial independence. The doctrine of comity does not serve as a basis to dismiss this case for improper venue.

**3.** The present motion was filed on October 21, 2002. In its reply, defendant mentions that on November 6, 2002, it filed an action in Ontario based on the contract presently at issue. The

### B. Motion to Dismiss for Failure to State a Claim

When arguing improper venue, defendant has suggested that Ontario law might apply to some of plaintiffs' claims. In its motion to dismiss for failure to state a claim, however, defendant has not suggested that Ontario law is applicable. Therefore, the Court analyzes plaintiffs' claims using the default rule that a "federal district court must apply the state law that would be applied by the state court of the state in which it sits." *Shannon–Vail Five, Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir.2001). For the purposes of the present motion, the Court applies California law.

### 1. Breach of Contract

■■■ The elements of a breach of contract claim "are the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745, 108 Cal.Rptr.2d 23 (2001). Under Fed.R.Civ.P. 8(a), a plaintiff is required to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs plead the existence of a Merger Agreement and a Limited Right to License Agreement between the parties (Compl.¶¶ 5–6), performance (Compl. ¶¶ 7 & 12), breach (Compl.¶ 13) and damages (Compl.¶ 14). Plaintiffs have properly pled breach of contract. Defendant seeks, in the alternative, a more definite statement related to the breach of contract claim under Rule 12(e). A Rule 12(e) motion will be granted if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading …." Plaintiffs' breach of contract claim is not vague or ambiguous. To the extent defendant seeks clarification of plaintiffs' specific contentions, discovery, rather than a Rule 12(e) motion, is the proper tool. *See Davison v. Santa Barbara High Sch. Dist.*, 48 F.Supp.2d 1225, 1228 (C.D.Cal. 1998).

Court does not consider the Ontario action in conjunction with defendant's comity argument because it was filed after the present motion to dismiss.

## 2. Fraud

Plaintiffs allege the tort of promissory fraud, which is cognizable when a party enters into an agreement without intending to be bound by its terms. *See Locke v. Warner Bros., Inc.*, 57 Cal.App.4th 354, 367, 66 Cal.Rptr.2d 921 (1997). A plaintiff can prove fraudulent intent by circumstantial evidence and a trier of fact may infer such intent given the circumstances surrounding contract formation. *Id.* at 368, 66 Cal. Rptr.2d 921. However, promissory fraud is not exempted from the strictures of Rule 9(b), and a plaintiff is required to plead "facts from which the Court can infer that the allegedly fraudulent statements were actually false when made." *Richardson v. Reliance Nat'l Indem. Co.*, 2000 WL 284211, at *5, 2000 U.S. Dist. LEXIS 2838, at *13 (N.D.Cal. 2000). Although intent can be averred generally under Rule 9(b), a plaintiff must point to *facts* which show that defendant harbored an intention not to be bound by terms of the contract at formation. Plaintiffs' complaint simply states that "defendant OZ had no intention to be bound by the terms as agreed in the aforesaid agreements." (Compl. ¶ 16.) Plaintiffs have failed to plead fraud with specificity as required by Rule 9(b), and therefore, defendant's motion to dismiss is granted without prejudice. If plaintiffs elect to replead, they must allege specific facts from which a trier of fact could infer that defendant did not intend to be bound by the terms of the agreements when made.

## 3. Intentional Interference with Prospective Economic Relationship

Plaintiffs aver that in late 2001, they "engaged in extensive negotiations with certain high-tech companies such as Cirrus Logic who intended to license the D & M DVD Intellectual Property." (Compl. ¶ 22.) They further aver that defendant knew of these negotiations and "refused to perform its obligations as set forth in the Limited Right to License Agreement and denied Plaintiffs' right to license the D & M DVD Intellectual Property" and "[b]ecause of defendant OZ's refusal to perform its obligations . . . Plaintiffs were unable to enter into any license agreement with potential third party licensees such as Cirrus Logic." (Compl. ¶¶ 23–24.)

The five elements for intentional interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Youst v. Longo*, 43 Cal.3d 64, 71 n. 6, 233 Cal.Rptr. 294, 729 P.2d 728 (1987). A plaintiff must further prove that "[d]efendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393, 45 Cal. Rptr.2d 436, 902 P.2d 740 (1995). "*Della Penna's* requirement that a plaintiff plead and prove such wrongful conduct in order to recover for intentional interference with prospective economic advantage has resulted in a shift of burden of proof. It is now the plaintiff's burden to prove, as an element of the cause of action itself, that the defendant's conduct was independently wrongful and, therefore, was not privileged rather than the defendant's burden to prove, as an affirmative defense, that it's conduct was not independently wrongful and therefore was privileged." *Bed. Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture*, 52 Cal.App.4th 867, 881, 60 Cal.Rptr.2d 830 (1997).

Plaintiffs' complaint is deficient in two respects. First, the complaint does not allege intentional conduct on the part of defendant designed to disrupt a business expectancy. At most, the complaint alleges that the defendant refused to perform under a contract, and that this refusal had an adverse impact on the plaintiffs' business expectancies. Such an allegation does not show that defendant's actions were designed to disrupt plaintiffs' business expectancies. Second, the complaint does not allege a "wrongfulness" element in addition to the interference itself

as required by *Della Penna,* 11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995). The *Della Penna* court expressed "a greater solicitude to those relationships that have ripened into agreements, while recognizing that relationships short of that subsist in a zone where the rewards and risks of competition are dominant." *Id.* at 392, 45 Cal.Rptr.2d 436, 902 P.2d 740. The Court held: "a plaintiff seeking to recover for an alleged interference with prospective contractual or economic relations must plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Id.* at 393, 45 Cal.Rptr.2d 436, 902 P.2d 740. Plaintiffs have failed to make this showing. Defendant's motion to dismiss plaintiffs' claim for intentional interference with prospective economic relationship is granted without prejudice.

### 4. Negligent Interference with Prospective Economic Relationship

■ This tort is a species of negligence and is ordinarily raised when a third party is affected by defendant's negligent performance under a contract, but is unable to sue under the contract because the third party lacks privity. *See J'Aire Corp. v. Gregory,* 24 Cal.3d 799, 808, 157 Cal.Rptr. 407, 598 P.2d 60 (1979) (holding that "a contractor owes a duty of care to the tenant of a building undergoing construction work to prosecute that work in a manner which does not cause undue injury to the tenant's business, where such injury is reasonably foreseeable.") However, the absence of contractual privity is not required to state a claim for this tort and negligent performance under a contract can give rise to tort liability where plaintiff's business is disrupted by the negligence of the defendant when performing a contract. *See North American Chemical Co. v. Superior Court,* 59 Cal.App.4th 764, 69 Cal.Rptr.2d 466 (1997) (allowing the tort of negligent interference where defendant negligently shipped goods which resulted in contaminated product being delivered to plaintiff's customer).

The *J'Aire* Court examined the following elements: "(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm." *Id.* at 804, 157 Cal.Rptr. 407, 598 P.2d 60. California Courts of Appeal have stated that the "independent wrongfulness" pleading requirement announced in *Della Penna* applies in the context of negligent interference claims. *Lange v. TIG Ins. Co.,* 68 Cal.App.4th 1179, 1187, 81 Cal.Rptr.2d 39 (1998); *National Medical Transportation Network v. Deloitte & Touche,* 62 Cal.App. 4th 412, 439, 72 Cal.Rptr.2d 720 (1998).

■ Plaintiffs' claim for negligent interference fails because they do not properly allege duty. "The tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care." *Lange,* 68 Cal.App.4th at 1187, 81 Cal.Rptr.2d 39. Plaintiffs allege that "OZ was under a duty to perform aforesaid agreements with ordinary care . . . ." (Compl.¶ 28.) However, plaintiffs have not pled an "independent wrongfulness" component as required by *Della Penna* and its progeny. In order to state a tort claim in this setting, plaintiffs must be able to plead and prove that the behavior of OZ was wrongful for some other reason than it simply breached a contract between the parties. Defendant's motion to dismiss, therefore, is granted without prejudice.

Accordingly, it is, hereby,

ORDERED:

(1) Defendant's Motion to Dismiss for Improper Venue under Rule 12(b)(3) is DENIED;

(2) Defendant's Motion for More Definite Statement under Rule 12(e) is DENIED;

(3) Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6) is GRANTED in part and DENIED in part as set forth above;

(4) Plaintiffs shall file any amended complaint not later than January 10, 2002.

IT IS SO ORDERED.